COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE COMMITMENT OF | § | No. 08-25-00042-CV |
| WILLIE ANTHONY WEBB. | § | Appeal from the |
| | § | 226th District Court |
| | § | of Bexar County, Texas |
| | § | (TC# 2023CI13713) |
| | § | |

## **MEMORANDUM OPINION**

On December 4, 2024, Appellant Willie Anthony Webb filed a notice of appeal with the Bexar County District Clerk, challenging a civil order of commitment rendered against him. The notice of appeal was signed by attorney J. Charles Bunk. The district clerk forwarded Webb's notice to the Fourth Court of Appeals.[1] On December 9, 2024, the Clerk of the Fourth Court of Appeals notified Webb's counsel that a filing fee of $205 was due unless it was shown that payment was excused by law. After expiration of 10 days, the Clerk informed Webb that his appeal would be subject to dismissal without further notice if the fee remained unpaid, or if no excuse from payment was provided. The case was then transferred to this Court.

---

[1] This case was transferred to this Court pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

Having received no payment or other response, the Clerk of this Court sent a second request to counsel on February 5, 2025, seeking payment of the fee or excuse of payment by law. The second notice additionally informed counsel that the Court had been notified that pay arrangements for the Clerk's Record had yet to be made for the appeal. The letter reiterated the case remained subject to dismissal without notice if no response was received by February 25, 2025. As before, no response was received from Webb or his counsel. On March 12, 2025, this Court abated the appeal and remanded the cause to the trial court. On remand, we ordered that court to determine: (1) whether Webb still desired to prosecute his appeal, (2) whether attorney Bunk continued to represent Webb, and (3) whether Webb was indigent. We further ordered the trial court to appoint new counsel to pursue the appeal, if necessary.

On March 24, 2025, the trial court held a hearing attended by Webb's former and current counsel, but not by Webb himself. At the start, the trial court noted it had determined from its own investigation that Webb had been "errantly released from custody early, contrary to the requirements of the commitment." It then proceeded to address the substance of this Court's order. The trial court heard testimony from Bunk, Webb's former attorney of record, and Vikash Bhakta, Webb's current attorney of record.

Bunk testified that, after the civil commitment trial, he filed a notice of appeal in accordance with Webb's desires. He explained that Webb had been adamant that he wanted to appeal the verdict of the jury. He additionally described that he soon filed a motion to withdraw as counsel. The trial court noted that it signed an order withdrawing Bunk on February 10, 2025, and a predecessor judge had appointed Bhakta as appellate attorney on December 10, 2024. On the question of indigency, Bunk described Webb "would be indigent" as he had been incarcerated at that time for in excess of 15 years. Bhakta testified he believed Webb had a desire to prosecute his appeal based solely on his review of Webb's notice of appeal. He explained he had no contrary

information from Webb as he had not been able to locate him or his address, whether in Bexar County or Texas Department of Criminal Justice.

Following the close of the hearing, the trial court issued its Findings of Fact and Conclusions of Law where it found that, despite attempts to locate and notify Webb of the hearing, he did not attend in person. The trial court found that Webb was no longer confined pursuant to a civil commitment order, he had been released from confinement, and he had not left a forwarding address or contact information. Further, the trial court could not determine why Webb was released from confinement but it found the release appeared to be erroneous. Based on these findings and conclusions, the trial court determined that Webb did not desire to pursue his appeal and it had been abandoned.

Although it appears that Webb remains indigent and he has been appointed counsel to represent him on appeal, he failed to appear at a hearing in the trial court. The trial court and counsel described that efforts had been made to contact him but he did not provide a forwarding address nor respond to inquiries. The trial court also determined that Webb had been errantly released from custody contrary to requirements of the commitment order. Accordingly, we conclude Webb has abandoned his appeal. See *In re Commitment of M. G.*, No. 14-20-00746-CV, 2021 WL 2546150, at *2 (Tex. App.—Houston [14th Dist.] June 22, 2021, no pet.) (mem. op.) (dismissing an appeal of a court-ordered mental health services order when, on abatement and remand, the trial court found appellant could not be located and concluded appellant had abandoned her appeal); *In re A.A.*, No. 05-13-00519-CV, 2014 WL 1483580, at *1 (Tex. App.— Dallas Apr. 15, 2014, no pet.) (mem. op.) (dismissing a juvenile case when appellant did not appear at trial court's hearing on remand and had not otherwise responded to the court's notices); *see also Cammack v. State*, No. 04-15-00731-CR, 2016 WL 1359353, at *1 (Tex. App.—San Antonio Apr.

6, 2016, no pet.) (mem. op., not designated for publication) (dismissing a criminal appeal when appellant failed to appear for remanded hearing in the trial court).

Accordingly, we reinstate the appeal and dismiss the appeal for want of prosecution. Tex. R. App. P. 42.3(b). All pending motions are denied as moot.

GINA M. PALAFOX, Justice

April 11, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

4